**Dell Hutchins, trading as "Main 203 Tire Service," Appellee, v. N. H. Mendenhall, Appellant.**

**Gen. No. 7,966.**

Opinion filed May 21, 1929.

Rehearing denied June 18, 1929.

B. A. KNIGHT, for appellant.

HALL & DUSHER, for appellee.

MR. JUSTICE JETT delivered the opinion of the court.

This is an appeal from a judgment obtained in the circuit court of Winnebago county, by Dell Hutchins, doing business as "Main 203 Tire Service," appellee, against N. H. Mendenhall, appellant, for $52.23.

For convenience appellee will be called plaintiff, and appellant, defendant. The plaintiff, Hutchins, conducted an automobile accessory business known as "Main 203 Tire Service," in the City of Rockford. The defendant, Mendenhall, owned and operated a cleaning and pressing business in the said City of

Rockford. The business of the plaintiff was managed by a man by the name of Noble. Noble went to Mendenhall and solicited business from him; he proposed to Mendenhall that the latter buy accessories from "Main 203 Tire Service," and that he would trade out the amount with Mendenhall. The suggestion of Noble was accepted by the defendant, and pursuant to the arrangement entered into, Mendenhall traded at the Tire Service place of business to the extent of $52.23, which was charged on the books against him. Noble traded at Mendenhall's to the extent of $74.52.

The record discloses that Hutchins conducted other similar tire business establishments, but was at the "Main 203 Tire Service" shop almost daily, and spent one or more hours there.

The attention of Hutchins was called to the Mendenhall account, and he asked the latter to come to his place of business. Hutchins and Mendenhall met, and Mendenhall explained the agreement he had with Noble. Hutchins protested against Noble's action, and upon the refusal of Mendenhall to pay his account, suit was instituted against him.

The defendant undertook to have his account set off in the suit brought against him by plaintiff, and he complained of the ruling of the court in refusing to admit certain evidence offered by him.

It is insisted by the defendant that the court erred in refusing to allow a set-off of his claim against the account of the plaintiff; that under the pleadings the defendant was entitled to have heard the proof offered in support of his plea of set-off, and that he should have a judgment against the plaintiff for $22.29, being the difference between the account of the plaintiff and the sum of $74.52, the amount of work Noble had had done with the defendant. Upon the objection of the plaintiff, the court refused to admit his testimony bearing upon the question of set-off, and directed the jury to return a verdict in favor of the plaintiff for

the amount of his claim, and judgment was entered accordingly.

The defendant claims he did not know who was the owner of the store, but presumed Noble was the owner. He made no investigation or inquiry to ascertain to whom the business belonged. The defendant knew the business was conducted in the name of ''Main 203 Tire Service''; this was notice to him that some one owned the business and that ''Main 203 Tire Service'' was not the name of a man; it was either the name of a corporation or some one doing business under that name.

The point involved is whether an agent, being general manager of his principal's store, may sell the goods of his principal without his knowledge and consent, to a third person, and thereby pay his own debt?

The action of the court in refusing to allow the defendant to make proof under his plea of set-off, we think, was correct. The defendant could not be permitted to make proof of his alleged set-off, unless he established the authority of Noble, the manager of the business, for the plaintiff, to make the arrangement contended for and relied upon by him.

Where it is claimed an arrangement with an agent amounted to payment, the burden is upon the person claiming payment, not only to prove the arrangement, but also to prove that the agent had authority from his principal to receive payment in the manner claimed. *United States Wringer Co. v. Cooney*, 214 Ill. 520–526.

Where a defendant contends that an amount has been paid to an agent of the plaintiff, this is an affirmative defense, and it is necessary for the defendant, not only to show payment to the alleged agent, but to show also that the agent had authority from his principal to receive payment in the manner the defendant claims he paid, or that the principal has knowingly ratified the arrangement, and upon this issue the bur-

den is upon the party claiming payment. *United States Wringer Co. v. Cooney, supra.*

The defendant cites a number of authorities as bearing upon his contention, but in view of the facts, as disclosed by the record, they are not applicable.

It must be kept in mind that the question here is whether or not Noble had authority to pay his own debt by a sale of the goods of his principal? There is no question involved of ratifying a sale, for Noble had authority in the beginning to make the sale. That is what he was employed to do. He was not employed, however, to pay his own debt by a sale of the property of his principal. There is no element of enforcing a contract involved in this proceeding, as is suggested by the defendant.

The fact is the defendant got wares and merchandise belonging to the plaintiff, and this suit is to compel him to pay what they were reasonably worth.

We conclude, therefore, that the court committed no reversible error in the trial of the case, and the judgment of the circuit court of Winnebago county is affirmed.

*Judgment affirmed.*